THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and THE CHARTER OAK FIRE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS and JOSHUA WILSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [47] PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:21-cv-00330-DBB-DAO<br><br>District Judge David Barlow |

Travelers Property Casualty Co. of America and The Charter Oak Fire Insurance Co. (collectively "Plaintiffs") move for summary judgment against Safeco Insurance Co. of Illinois ("Safeco") and Joshua Wilson ("Mr. Wilson") (collectively "Defendants").[1] Having reviewed the briefings, the court concludes that the motion may be resolved without oral argument.[2] The court grants Plaintiffs' motion for summary judgment.

## BACKGROUND

Ann Lieber ("Ms. Lieber") purchased a Land Rover in May 2020.[3] In October 2020, while driving the Land Rover, Ms. Lieber was involved in an accident with Mr. Wilson.[4] Ms. Lieber gave Mr. Wilson her personal car insurance information for a policy owned by Safeco.[5] Mr. Wilson then sued Ms. Lieber in state court for negligence and alleged that the Land Rover was

---

[1] Mot. for Summ. J., ECF No. 47, filed June 23, 2022; *see* Fed. R. Civ. P. 56.
[2] *See* DUCivR 7-1(g).
[3] Bill of Sale, ECF No. 2-4, filed May 28, 2021; Utah Cert. of Title, ECF No. 2-5, filed May 28, 2021.
[4] Compl. ¶ 29, ECF No. 2, filed May 28, 2021.
[5] *Id.* at ¶ 30.

1

owned by companies associated with Ms. Lieber and Fred Lieber ("Mr. Lieber").[6] These companies issued Plaintiffs' commercial insurance policy[7] and excess insurance policy[8] that both included automobile coverage.[9]

Plaintiffs moved for summary judgment on June 23, 2022.[10] They argued that because Ms. Lieber owned the Land Rover, the insurance policies did not require them to indemnify or defend the Liebers.[11] Further, Plaintiffs argued that coverage fell on Safeco, Ms. Lieber's personal automobile insurer.[12] Plaintiffs asked the court to declare: (1) that Ms. Lieber owned the Land Rover at the time of the accident; (2) that neither the commercial policy nor the excess policy obligated Plaintiffs to defend or indemnify CP Industries, LLC, CP Industries PA, Ms. Lieber, or Mr. Lieber in the underlying action; (3) that the insurance policy issued by Safeco to Ms. Lieber provided primary coverage for the accident; and (4) that Plaintiffs were entitled to reasonable costs.[13]

Safeco responded on July 7, 2022, admitting that it had issued an insurance policy to Ms. Lieber that covered the accident.[14] They also agreed to all of Plaintiffs' requested relief except for an award of costs.[15] One week later, Plaintiffs withdrew their request for costs.[16]

Mr. Wilson has not responded to Plaintiffs' motion. On August 2, 2022, the court ordered Mr. Wilson to submit a response, file a notice of non-opposition, or otherwise to show cause as to

---

[6] *Id.* at ¶ 31.
[7] Commercial Ins. Policy #BA-8193X101-20-CAG, ECF No. 2-1, filed May 28, 2021.
[8] Excess Ins. Policy #CUP-9K685631-20-14, ECF No. 2-2, filed May 28, 2021.
[9] ECF No. 2, at ¶¶ 13–27.
[10] ECF No. 47.
[11] *Id.* at 6.
[12] *Id.*
[13] *Id.* at 2.
[14] Resp. to Pls. Mot. for Summ. J. 1–2, ECF No. 48, filed July 7, 2022.
[15] *Id.* at 2.
[16] *See* Reply 2, ECF No. 49, filed July 14, 2022.

why the motion should not be granted no later than August 16.[17] Because Mr. Wilson has failed to respond, the court considers Plaintiffs' motion against him unopposed.[18]

## STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[20] To find whether there is a genuine dispute as to a material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[21] The movant "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[22] Even if the nonmovant fails to respond to a summary judgment motion, the court must still "make the additional determination that judgment for the moving party is 'appropriate' under Rule 56."[23]

## DISCUSSION

This case centers on whether Ms. Lieber owned the Land Rover at the time of the accident and whether Safeco held Ms. Lieber's personal automobile insurance policy. If so, then Plaintiffs are not liable for Mr. Wilson's claims. Plaintiffs provide the title and bill of sale showing Ms. Lieber's ownership of the Land Rover[24] and the pertinent insurance policies.[25] Safeco does not dispute that Ms. Lieber owned the Land Rover when the accident happened.[26] Further, Safeco

---

[17] Order to Show Cause, ECF No. 50, filed Aug. 2, 2022.
[18] *See id.*
[19] Fed. R. Civ. P. 56(a).
[20] *Brooks v. Colo. Dep't of Corr.*, 12 F.4th 1160, 1169 (10th Cir. 2021) (citation omitted).
[21] *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016) (citation omitted).
[22] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).
[23] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).
[24] ECF No. 2-4; ECF No. 2-5.
[25] ECF No. 2-1; ECF No. 2-2.
[26] ECF No. 48, at 1.

admits that it holds Ms. Lieber's personal automobile insurance policy and that the policy "provide[d] primary coverage for the underlying accident."[27] Accordingly, Plaintiffs make a prima facie showing that there are no disputed material facts and that they are entitled to judgment as a matter of law. Also, Mr. Wilson has failed to respond either to the motion for summary judgment or to the court's order to show cause, the latter of which advised him that if he failed to respond, summary judgment would be granted against him.[28] Summary judgment is thus appropriate against both Defendants.[29]

## ORDER

For the reasons stated above:

1. Plaintiffs' Motion for Summary Judgment is GRANTED;

2. The Court declares that the subject vehicle was owned by Ann Lieber at the time of the underlying accident;

3. The Court declares that the Commercial Policy #BA-8193X101-20-CAG does not obligate Plaintiffs to defend or indemnify CP Industries, LLC, CP Industries PA, Ann Lieber, or Fred Lieber in the underlying action;

4. The Court declares that the Excess Policy #CUP-9K685631-20-14 does not obligate Plaintiffs to defend or indemnify CP Industries, LLC, CP Industries PA, Ann Lieber, or Fred Lieber in the underlying action;

5. The Court declares that the insurance policy issued by Safeco to Ann Lieber provides primary coverage for the underlying accident.

---

[27] *Id.* at 2.
[28] ECF No. 50.
[29] *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003).

Signed August 18, 2022.

BY THE COURT

_____
David Barlow
United States District Judge